UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS EUGENE,<br><br>                Petitioner,<br>vs.<br><br>DAVID B. LONG, WARDEN,<br><br>                Respondent. | Case No. CV 14-6118-ODW (DTB)<br><br>ORDER TO SHOW CAUSE |

On August 5, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition is directed to petitioner's 2012 conviction and sentence in Los Angeles County Superior Court, and purports to raise 13 grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.
(continued...)

1

that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to 11 of the 13 grounds for relief he raises in the Petition. Although petitioner raised Grounds One and Two in his Petition for Review to the

---

[1](...continued)
§ 2254(b)(1).

1  California Supreme Court, which was denied on October 30, 2013, he has not
2  exhausted the remaining claims. Indeed, petitioner acknowledges that he has a
3  pending habeas petition in the Los Angeles County Superior Court. Moreover, in
4  response to the question on the form asking whether he filed any habeas petitions in
5  any state court with respect to this judgment of conviction, petitioner checked off the
6  "yes" box, listing a filing with the Los Angeles County Superior Court (Case No.
7  BH009577), which was filed on April 22, 2014, and which is still pending. Further,
8  according to the California Appellate Courts website,[2] there are no habeas petitions
9  filed by petitioner in the California Supreme Court.

10  Accordingly, petitioner's inclusion of the unexhausted grounds in the Petition
11  renders the Petition a "mixed petition" containing both exhausted and unexhausted
12  claims. If it were clear here that petitioner's unexhausted claims were procedurally
13  barred under state law, then the exhaustion requirement would be satisfied. See
14  Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989);
15  Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d
16  1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California
17  Supreme Court will hold that petitioner's unexhausted claims are procedurally barred
18  under state law if petitioner were to raise them in a habeas petition to the California
19  Supreme Court (which being an original proceeding is not subject to the same
20  timeliness requirement as a Petition for Review of a Court of Appeal decision). See,
21  e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993)
22  (granting habeas relief where petitioner claiming sentencing error, even though the
23  alleged sentencing error could have been raised on direct appeal); People v. Sorensen,
24  111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental
25  constitutional rights have been violated may be raised by state habeas petition). The
26  Court therefore concludes that this is not an appropriate case for invocation of either

---

28  [2]   http://appellatecases.courtinfo.ca.gov

statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose , 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) That the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78. Here, petitioner has not even requested that the Court hold the Petition in abeyance until after he exhausts his state remedies with respect to his unexhausted claims, let alone purported to make the three necessary showings under Rhines.

Per Rhines, where the petitioner has presented the district court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. at 278; see also Henderson v. Johnson, - F.3d -, 2013 WL 28579, at *2 (9th Cir. Jan. 3, 2013).

IT THEREFORE IS ORDERED that, on or before **September 22, 2014**, petitioner either (a) file a formal stay-and-abeyance motion if he believes he can make the requisite three showings; or (b) show cause in writing, if any he has, as to why this action should not be dismissed without prejudice for failure to exhaust state

4

1  remedies unless petitioner withdraws his 11 unexhausted claims.  Failure to respond
2  to the Court's Order to Show Cause will result in the dismissal of this Petition as a
3  mixed petition.

5  DATED: August 22, 2014

    DAVID T. BRISTOW
    UNITED STATES MAGISTRATE JUDGE